## H. G. HILDEBRANDT v. STATE.

No. A-1751.   Opinion Filed February 22, 1913.

(130 Pac. 121.)

INTOXICATING LIQUORS—Criminal Prosecutions—Sufficiency of Evidence. For evidence fully sustaining a conviction for keeping a place for the purpose of violating the prohibitory liquor law of Oklahoma, see opinion..

(Syllabus by the Court.)

*Appeal from Garfield County Court;*
*Winfield Scott, Judge.*

H. G. Hildebrandt was convicted of violation of the prohibitory liquor law, and his punishment assessed at a fine of $400 and confinement in the county jail for 120 days, and he appeals. Affirmed.

*W. O. Cromwell,* for appellant.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

FURMAN, J. Appellant was charged with keeping and maintaining on the 4th day of February, 1912, a place located on the Chicago, Rock Island & Pacific right of way known as the Anheuser Busch Brewing Company's cold storage building, at the corner of Second and East Park streets, in the city of Enid, Okla., where malt, spirituous, vinous, and fermented liquors and imitations thereof, to wit, whisky and beer, capable of being used

as a beverage, were received and kept for the purpose of unlawfully bartering, selling, giving away, and otherwise furnishing the same to others. It was proven that on the day alleged appellant occupied the building in question and exercised control over it, and that on said date the place was raided by the officers, and a man was found in one of the rooms of the house pouring whisky from a large bottle into small ones. Appellant was also present in the building at the time the raid was made. Whisky was also taken from the person of another man found in the building. In the building were found a number of barrels filled with empty bottles. Boxes and a lot of empty bottles were also found in the office of appellant. Wholesale and retail liquor dealer receipts for the payment of the United States internal revenue tax from July 1, 1911, to July 1, 1912, were found posted on the walls of the building. They were issued to appellant and designated this building as his place of business.

The agent of the Wells Fargo Express Company at Enid testified that on appellant's order he had delivered whisky to various persons. It was also proven that the building occupied by appellant had the general reputation in that community of being a bootlegging joint, and that it was a place at which men who were in the habit of drinking resorted.

Appellant offered no testimony. We think the evidence of appellant's guilt is conclusive. All of the questions presented by appellant having already been decided repeatedly by this court adversely to the contention of appellant, it is not necessary to discuss them again.

This court is not hunting for excuses or splitting hairs to set aside the verdicts of juries and the judgments of courts, and thereby keep guilty men out of jail. Instead of complaining at the sentence which he received, appellant should be exceedingly grateful that he was not sentenced to jail for six months and fined $500. When appellant has served the time in jail prescribed by the judgment, he will be released from imprisonment upon the payment of his fine. If the fine is not then paid, he must be confined in jail until the fine is fully satisfied as the law directs.

We find no prejudicial error in the record. The judgment of the lower court is therefore in all things affirmed.

ARMSTRONG, P. J., and DOYLE, J., concur.